IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTONIO DUDLEY | § | |
| TDCJ #567960 | § | |
| | § | |
| V. | § | A-17-CA-568-LY |
| | § | |
| PAMELA THIELKE, SANDRA MIMS, | § | |
| JESSICA KUHRE, AMY KIEL, | § | |
| JOEL BUTLER and STUART JENKINS | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Plaintiff's complaint (Docket Entry "DE" 2-2); Plaintiff's Motion for Summary Judgment (DE 11); Plaintiff's Proposed Settlement and Supplement to his Motion for Summary Judgment (DE 12); Defendants' Response to Plaintiff's Motion for Summary Judgment (DE 13); Defendants' Motion for Judgment on the Pleadings (DE 14); and Plaintiff's request for preliminary injunction (DE 23). Plaintiff filed his original complaint in state court, and the defendants removed the action to this Court.

STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff challenges the 2015 revocation of his parole.

Plaintiff alleges he was released to parole on November 15, 2012. At that time, Plaintiff had served 23 years on a 50-year sentence for attempted murder in Harris County, Texas. Plaintiff asserts he was released to the Super Intensive Supervision Program ("SISP"), which subjected him to restrictive conditions and GPS monitoring. He further alleges his parole certificate required that he register as a sex offender. Plaintiff's parole revocation proceedings are included in the state court records filed in his federal habeas corpus proceedings. See Dudley v. Davis, No. 4:15-CV-3410 (S.D. Tex. Sept. 30, 2016) (DE 10). Special conditions L, S, and SISP were imposed upon Plaintiff's release. L requires the maximum level of supervision. S requires participation in a substance treatment program. SISP requires participation in th Super Intensive Supervision Program. Neither Condition X (sex offender treatment) nor Condition M (sex offender registration) was imposed.

During his release on parole, Plaintiff admits he was sent to an Intermediate Sanctions Facility ("ISF") on multiple occasions for violating the conditions of his parole. After his third stay at an ISF, Plaintiff was released on February 20, 2015. On March 7, 2015, his parole officer, Jessica Kuhre, imposed a two-week home lockdown, because Plaintiff left his GPS monitor on the bus in which he had traveled. On March 9, 2015, Plaintiff indicates he sent a text message to Kuhre, expressing resentment for the lockdown sanction. The text message stated, "At this time, it feels good to say, you can give me a real good fucken, then get your hell out my life." A revocation warrant for Plaintiff was issued the following day, and Plaintiff was transferred to Parole Officer

Amy Kiel's caseload. Plaintiff was initially charged with sexual harassment, but the charge was later amended to harassment. Plaintiff was found guilty by Parole Hearing Officer Joel Butler. Plaintiff indicates he was revoked and returned to TDCJ on April 28, 2015.

Plaintiff seeks his immediate release in addition to damages. Plaintiff sues Stuart Jenkins, Sandra Mims, Jessica Kuhre, Amy Kiel, and Joel Butler. To the extent Plaintiff sues Stuart Jenkins in his official capacity, Pamela Thielke, the acting Director of the Parole Division of the Texas Department of Criminal Justice, has been substituted.

Plaintiff contends Defendants violated his First Amendment right to protected speech (his text message) and retaliated against him because of his speech. Plaintiff further contends the defendants violated his right to due process.

Defendants move for a judgment on the pleadings. They contend habeas corpus relief is not an available remedy in a civil rights case. They further contend Plaintiff's claims for monetary damages are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

## DISCUSSION AND ANALYSIS

A.  Standard Under Rule 12(c)

A court may hear a party's motion for judgment on the pleadings after the pleadings are closed. FED. R. CIV. P. 12(c). The standard for deciding a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 n. 8 (5th Cir. 2002).

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the

plaintiff." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 562, 678 (2009) (quoting Twombly, 550 U.S. at 570).

B. Immunity

Although not mentioned by defendants, Plaintiff's claims against them in their official capacities for monetary damages are barred by Eleventh Amendment immunity. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

C. Heck Bar

To the extent Plaintiff challenges the revocation of his parole and sues the defendants in their individual capacities for monetary damages Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction or revocation of parole has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Rather, Plaintiff's petition for habeas corpus relief, based on the same facts he presents in his civil rights complaint, was dismissed with prejudice on September 30, 2016. Dudley v. Davis, No. 4:15-CV-3410 (S.D. Tex. Sept. 30, 2016). Accordingly, Plaintiff's claims challenging the revocation of parole are barred by Heck until the decision to revoke his parole "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

D.  Habeas Claims

To the extent Plaintiff seeks his release, he must seek such relief in an application for habeas corpus. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). The Court should not construe this action as a petition for habeas corpus relief, because the petition would be successive. The Fifth Circuit Court of Appeals has not granted Plaintiff permission to file a successive habeas corpus petition. Therefore, the Court would be without jurisdiction over the successive petition.

RECOMMENDATION

It is therefore recommended that Defendants' Motion for Judgment on the Pleadings (DE 14) be GRANTED, Plaintiff's Motion for Summary Judgment (DE 11) be DENIED, and Plaintiff's

5

motion for preliminary injunction (DE 23) be DISMISSED. Plaintiff's claims for monetary damages brought against the defendants in their official capacities should be dismissed without prejudice for want of jurisdiction, Plaintiff's claims for monetary damages brought against the defendants in their individual capacities should be dismissed with prejudice until the conditions of Heck are met, and Plaintiff's claims seeking his immediate release should be dismissed without prejudice to refiling a habeas corpus petition after Plaintiff has been granted permission to file a successive petition.

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on November 16, 2017.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE